865 F.2d 265
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose E. BASADRE-LACUNZA, Defendant-Appellant.
 No. 87-1389.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Nov. 21, 1988.
Decided Dec. 22, 1988.
 Before JAMES R. BROWNING, HUG and BEEZER, Circuit Judges:
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Jose E. Basadre-Lacunza on two counts of distributing cocaine in violation of 21 U.S.C. 841(a)(1). Drug Enforcement Administration (DEA) Agent William Haleck testified at Basadre-Lucunza's trial that Basadre-Lacunza twice sold him cocaine. Philip Peters, a paid DEA informer who introduced Agent Haleck to Basadre-Lacunza also testified that Basadre-Lacunza had supplied him with cocaine approximately twelve times over the past five years.
 
 
 3
 Before trial, Basadre-Lacunza requested discovery of the names and prior statements of each prospective Government witness. After trial, Basadre-Lacunza's attorney discovered two statements made by Peters prior to Basadre-Lacunza's arrest but not disclosed pursuant to Basadre-Lacunza's discovery request. These statements contained admissions by Peters that he was involved with major cocaine traffickers long before his arrest.
 
 
 4
 Basadre-Lacunza contends the government violated his due process right under Brady v. Maryland, 373 U.S. 83 (1963), by suppressing material evidence favorable to the defense requested by the defendant. Id. at 87. Under Brady, evidence is material only if there is a reasonable probability the result would have been different if the evidence had been disclosed to the defense before trial. United States v. Bagley, 473 U.S. 667, 682 (1985).
 
 
 5
 Peters' statements were cumulative impeachment material that in all probability would not have affected the jury's verdict. Peters was impeached effectively by his own admission of prior dealings in cocaine and by evidence of his motive and bias arising out of his own prior cocaine dealings and his strong interest in pleasing the government. See United States v. Polizzi, 801 F.2d 1543, 1553 (9th Cir.1986). Moreover, Agent Haleck's testimony and tape recordings of the drug deals provided ample direct evidence of Basadre-Lacunza's guilt without regard to Peters' testimony.
 
 
 6
 The statements would have been of no assistance to Basadre-Lacunza's entrapment defense since they related solely to Peters' prior involvement with drug trafficking, and not at all to Basadre-Lacunza's predisposition to sell cocaine, or the extent to which Basadre-Lacunza had been induced by the Government. See United States v. Bonanno, 852 F.2d 434, 438 (9th Cir.1988).
 
 
 7
 Basadre-Lacunza contends that even if failure to produce Peters' statements did not violate his constitutional rights under Brady, the district court should have granted Basadre-Lacunza's motion for a new trial under Fed.R.Crim.P. 33 on the basis of this newly discovered evidence. To prevail on such a motion, the moving party must show not only that the evidence is newly discovered but also that it is substantive and not merely cumulative or impeaching, material to the issues, and would probably produce an acquittal. United States v. Steel, 759 F.2d 706, 713 (9th Cir.1985). For the reasons discussed above, Basadre-Lacunza did not meet this burden.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3